UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLO GUILIANO CRESCI,<br><br>    Plaintiff,<br><br>    v.<br><br>PERKINS, *et al.*,<br><br>    Defendants. | Case No.: 1:20-cv-00412-SAB (PC)<br><br>ORDER DISREGARDING PLAINTIFF'S NOTICES TO THE COURT<br><br>(ECF Nos. 11-17) |

    Plaintiff Carlo Guiliano Cresci is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On March 20, 2020, Plaintiff filed the complaint in this action alleging that he is being subjected to unsanitary conditions at the California Substance Abuse Treatment Facility ("CSATF"). On March 31, 2020, Plaintiff's complaint was screened and it was found not to state any cognizable claims. Plaintiff was granted leave to file an amended complaint within thirty days.

    On April 3, 2020, Plaintiff filed seven documents entitled "Judicial/Administrative Notice to the Courts" which he contends demonstrate the unsanitary conditions at CSATF. First, the documents filed by Plaintiff are not proper subjects of judicial notice. A court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). However, Plaintiff

1

seeks to demonstrate that the conditions are unsanitary based on statements contained within his grievances, inmate advisory committee meeting minutes, and a memorandum regarding the cleaning of the ventilation system. (ECF Nos. 11-17.) These documents are not the type of matters that can be judicially noticed and the statements contained within are subject to reasonable dispute.

Further, the Court is not the repository for the parties evidence, and Plaintiff shall refrain from filing documents in this case absent a motion or pleading to which the documents are relevant.

Finally, Plaintiff is advised that pursuant to the Local Rules of the Eastern District of California, "every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with." Local Rule 220. The Court requires that Plaintiff's complaint be complete in itself and will not consider Plaintiff's piecemeal filings when screening Plaintiff's complaint.

Based on the foregoing, Plaintiff's judicial/administrative notices to the court, filed April 3, 2020, are HEREBY DISREGARDED.

IT IS SO ORDERED.

Dated: __**April 7, 2020**__                      _____
                                                                  UNITED STATES MAGISTRATE JUDGE