UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLO GUILIANO CRESCI,<br><br>            Plaintiff,<br><br>     v.<br><br>PERKINS, *et al.*,<br><br>            Defendants. | Case No.: 1:20-cv-00412-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 7, 2020 ORDER DISREGARDING HIS REQUEST FOR JUDICIAL NOTICE<br><br>[ECF No. 21] |

Plaintiff Carlo Guiliano Cresci is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for reconsideration, filed on April 28, 2020. Plaintiff seeks reconsideration of the Court's April 7, 2020 order disregarding his request for judicial notice. Plaintiff's motion must be denied.

On April 3, 2020, Plaintiff filed seven documents entitled "Judicial/Administrative Notice to the Courts" which he contends demonstrate the unsanitary conditions at CSATF. (ECF Nos. 11-17.) On April 7, 2020, the Court disregarded Plaintiff's documents because they are not subject to judicial notice under Federal Rule of Evidence 201(b).

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.

1

Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987). Further, " '[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation…'" of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F.Supp. 834, 856 (D N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion[.]"

In the instant motion, Plaintiff contends that the responses to his "administrative remedies" by Defendants are necessary to establish his claim of deliberate indifference. (ECF No. 21.) As Plaintiff was previously advised, the documents submitted are not the type that are subject to judicial review under Rule 201(b). Plaintiff's contention that the documents are relevant to support his claims does not make them subject to judicial notice. In addition, Plaintiff's disagreement with the Court's April 7, 2020 order does not warrant reconsideration. Thus, Plaintiff has failed to present any new or difference or circumstances that did not exist upon the filing of his judicial and administrative notices. Rather, Plaintiff demonstrates only his misunderstanding of Federal Rule of Evidence 201(b). Accordingly, Plaintiff's motion for reconsideration of the Court's April 7, 2020 order is DENIED.

IT IS SO ORDERED.

Dated:   **April 29, 2020**

UNITED STATES MAGISTRATE JUDGE